# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JIMMY DOYLE BUMGARDNER,
ADC # 103669                                                                                    PLAINTIFF

v.                            No. 5:09-cv-00345-BSM-JJV

JOHN WHALEY, Assistant Warden, ADC;
GARDNER, Lt., Varner Super Max, ADC;
WASHINGTON, Sgt., Varner Super Max,
ADC; EMSWELLEN, Sgt., Varner Super
Max, ADC; DOES, Unknown Officer and
Employees, Varner Super Max, ADC;                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District

1

Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, Jimmy Bumgardner, is incarcerated in the Varner Unit of the Arkansas Department of Correction (ADC). On November 6, 2009, he filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging that: (1) he was placed on "investigative status" in administrative segregation in violation of his due process rights; (2) Defendants violated ADC policy when they kept him on "investigative status" in administrative segregation; (3) he was deprived of personal property; (4) lost prison job and housing assignment; (5) lost contact visitation privileges; and (6) he was subjected to unconstitutional strip searches. (Doc. No. 2).

In an April 28, 2010 Order (Doc. No. 20), the Court found that Plaintiff stated a cognizable unconstitutional strip search claim against Defendants Whaley, Gardner, Washington, and Emswellen, and any unknown Doe Defendant who might have participated in the searches. In addition, Plaintiff was granted leave to amend his due process claim; all other claims were dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 20).

Defendants have now filed a Motion for Summary Judgment (Doc. No. 44), alleging that Plaintiff failed to exhaust his administrative remedies and they are entitled to judgment as a matter of law. In support, Defendants submitted a Statement of Undisputed Facts, a Brief in Support, ADC's Grievance Procedure, and a Declaration from Tiffanye Compton, ADC's Inmate Grievance Supervisor. Plaintiff did not file a response to the Motion. After careful review the Court recommends that: (1) Defendants' Motion for Summary Judgment (Doc. No. 44) be GRANTED; and (2) Plaintiff's Complaint and Amended Complaints (Doc. Nos. 2, 18, 19) be dismissed without prejudice for failure to exhaust administrative remedies.

### I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010); *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The non-moving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann*, 497 F.3d at 825.

**II.     ANALYSIS**

The failure to exhaust administrative remedies is an affirmative defense that the defendant has the burden of pleading and proving. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. The PLRA merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924.

The undisputed facts before the Court are as follows. ADC has a grievance procedure

in place for resolving inmate complaints. (Doc. No. 46 at ¶ 13). Inmates are required to fully exhaust their administrative remedies in accordance with ADC's grievance procedures prior to filing a civil lawsuit. (Doc. No. 44-1 at ¶ 5). Thus, the inmate must, among other things, comply with ADC's requirement that a grievant "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Doc. No. 46 at ¶ 15). This requirement is also found on ADC's inmate grievance forms. (*Id.* at ¶ 16). Exhaustion under ADC's grievance procedure also requires inmates to fully appeal any adverse decisions. (*Id.* at ¶ 17).

Prior to filing his Complaint, Plaintiff filed two formal grievances, VSM-09-1621 and VSM-09-1785. (*Id.* at ¶¶ 3, 8). Plaintiff filed VSM-09-1621 on July 1, 2009. (*Id.* at ¶ 3). In it, he complained that he was being held in administrative segregation in violation of his constitutional rights. (*Id.* at ¶ 4). Plaintiff failed to specify the personnel involved in the violation of his constitutional rights nor did he state towards whom his grievance was directed. (Doc. No. 46 at ¶ 4). On July 16, 2009, Warden Harris denied VSM-09-1621 and Plaintiff appealed. (*Id.* at ¶ 5). Because Plaintiff had since been returned to general population, his appeal of VSM-09-1621 was denied on September 4, 2009. (*Id.* at ¶ 6).

Plaintiff filed VSM-09-1785 on July 20, 2009. (*Id.* at ¶ 8). Plaintiff again complained about being held in administrative segregation and failed to specify the personnel involved and towards whom his grievance was directed. (Doc. No. 46 at ¶¶ 8, 9). Warden Harris found that Plaintiff was placed in administrative segregation for suspected trafficking of

contraband with the aid of his family and, on August 6, 2009, VSM-09-1785 was denied. (*Id.* at ¶ 10). The decision was affirmed on December 17, 2009. (*Id.* at ¶ 11).

ADC policy requires an inmate to list the name of the personnel involved in the grievance. Plaintiff failed to comply with this requirement regarding his due process claim and, as a result, he failed to exhaust his administrative remedies. Furthermore, Plaintiff failed to file any grievance addressing his unconstitutional strip search claim. Plaintiff's Complaints should, therefore, be dismissed without prejudice for failure to exhaust administrative remedies. Viewing the evidence in a light most favorable to Plaintiff, the Court finds there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 44) be GRANTED; and

2. Plaintiff's Complaint and Amended Complaints (Doc. Nos. 2, 18, 19) be dismissed without prejudice for failure to exhaust administrative remedies.

DATED this <u>6th</u> day of <u>January</u>, <u>2011</u>.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE